1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN WILLIAM DUNCAN,

     Petitioner,

vs.

BRIAN WILLIAMS, et al.,

     Respondents.

Case No. 2:07-CV-01317-RLH-(PAL)

**ORDER**

     Before the Court are the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#1), Respondents' Motion to Dismiss (#16), and Petitioner's Opposition (#23). The Court grants the Motion to Dismiss because Petitioner has not exhausted his state-court remedies for one ground.[1]

     Pursuant to a plea agreement, Petitioner was convicted of burglary. Ex. 18 (#18-6, p. 21).[2] Petitioner appealed pro se, and the Nevada Supreme Court dismissed the appeal because it was untimely. Ex. 25 (#18-8, p. 15). Petitioner then filed in state court a post-conviction habeas corpus petition. Ex. 28 (#18-8, p. 23). The court appointed counsel, who filed a supplemental petition. Ex. 33 (#18-9, p. 16). The court held an evidentiary hearing, at which apparently the court concluded that Petitioner's trial counsel provided ineffective assistance for not timely appealing the

---

[1]The Motion to Dismiss (#16) and the Answer (#17) are the same document. The Court defers ruling on the merits because Petitioner must decide what to do with the unexhausted ground.

[2]Page numbers in parentheses refer to the Court's computer images of the documents.

1   judgment of conviction.  Ex. 58 (#19-5, #19-6, #19-7).[3]  Petitioner then filed a brief that raised

2   direct-appeal issues pursuant to <u>Lozada v. State</u>, 871 P.2d 944 (Nev. 1994).  Ex. 63 (#19-12, p. 8).

3   The district court denied the petition.  Ex. 72 (#19-15, p. 2).  Petitioner appealed, filing an opening

4   brief and a reply brief.  Ex. 88 (#19-19, p. 2), Ex. 94 (#19-21, p. 2).  The Nevada Supreme Court

5   affirmed.  Ex. 99 (#19-22, p. 17).  Petitioner then commenced this action.

6           Before a federal court may consider a petition for a writ of habeas corpus, the

7   petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a

8   ground for relief, a petitioner must fairly present that ground to the state's highest court, describing

9   the operative facts and legal theory, and give that court the opportunity to address and resolve the

10  ground. <u>See Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (<u>per curiam</u>); <u>Anderson v. Harless</u>, 459

11  U.S. 4, 6 (1982).

12          "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available

13  state remedies only if he characterized the claims he raised in state proceedings <u>specifically</u> as

14  federal claims.  In short, the petitioner must have either referenced specific provisions of the federal

15  constitution or statutes or cited to federal case law."  <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir.

16  2000) (emphasis in original), <u>amended</u>, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

17  applies federal constitutional principles will also suffice.  <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158

18  (9th Cir. 2003) (<u>en banc</u>).  "The mere similarity between a claim of state and federal error is

19  insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

20  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

21  exhaustion."  <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

22          Ground 1 is a claim that trial counsel provided ineffective assistance because counsel

23  coerced Petitioner into pleading guilty, even though Petitioner had defenses to the charged crimes,

24  in violation of the Fifth, Sixth, and Fourteenth Amendments.  Respondents correctly argue that

25  Petitioner never presented the Fifth Amendment issue to the Nevada Supreme Court.  <u>See</u> Ex. 88,

26  pp. 4-13 (#19-19, pp. 8-17).  However, the Sixth Amendment guarantees the right to effective

27

28          [3]Respondents provided an incomplete copy of the hearing transcript.

-2-

1  assistance of counsel, and the Fourteenth Amendment applies that right to prosecutions in state

2  court.  The Fifth Amendment is inapplicable.  The Court will not require Petitioner to decide what

3  he wants to do with the unexhausted Fifth Amendment component of Ground 1 because that

4  component lacks merit.  28 U.S.C. § 2254(b)(2).

5          Ground 2 is a claim that the trial court violated the Fourth, Fifth, Sixth, and

6  Fourteenth Amendments by not granting Petitioner new counsel after Petitioner told the court that

7  he was dissatisfied with his trial counsel.  Respondents incorrectly argue that Petitioner did not

8  present any of these constitutional issues to the Nevada Supreme Court.  Petitioner did.  Ex. 88, p.

9  22 (#19-19, p. 26).  Ground 2 is exhausted.

10          Ground 3 is a claim that the prosecutor committed misconduct, in violation of the

11  Fifth, Sixth, and Fourteenth Amendments, when telling Petitioner that if he insisted on going to

12  trial, then Petitioner should bring his toothbrush because he would spend the rest of his life in

13  prison.  Respondents correctly argue that Petitioner did not present any of these constitutional issues

14  to the Nevada Supreme Court.  See Ex. 88, pp. 22-26 (#19-19, pp. 26-30), Ex. 94, pp. 19-21 (#19-

15  21, pp. 23-25).  Petitioner did present the constitutional issues in his Lozada brief to the district

16  court.  Ex. 63, p. 21 (#19-12, p. 28).  However, raising an issue solely in a lower-court document

17  does not fairly present the issue to the Nevada Supreme Court.  Baldwin v. Reese, 541 U.S. 27, 32

18  (2004).  Ground 3 is unexhausted.

19          The Petition (#1) is mixed, containing both claims exhausted in state court and

20  claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509,

21  521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily

22  dismiss the unexhausted Ground 3 and proceed with the remaining grounds, he may voluntarily

23  dismiss this action without prejudice while he returns to state court to exhaust Ground 3, or he may

24  move to stay this action while he returns to state court to exhaust Ground 3.  If Petitioner chooses

25  the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted

26  claims are potentially meritorious, and there is no indication that the petitioner engaged in

27  intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).

28

1         IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#16) is

2   **GRANTED** in part with respect to Ground 3.

3         IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date

4   of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that

5   he wishes to dismiss Ground 3 of his Petition (#1), and proceed only on the remaining grounds for

6   relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his Petition (#1) to

7   return to state court to exhaust his state remedies with respect to the claims set out in Ground 3 of

8   his Petition (#1), or (3) move to stay this action while he returns to state court to exhaust his state

9   remedies with respect to the claims set out in Ground 3 of his Petition (#1).  Failure to comply will

10  result in the dismissal of this action.

11        IT IS FURTHER ORDERED that if Petitioner elects to dismiss the aforementioned

12  grounds of his Petition (#1) and proceed on the remaining grounds, Respondents shall file and serve

13  an answer or other response to the remaining grounds within forty-five (45) days after Petitioner

14  serves his declaration dismissing those grounds.  If Respondents file and serve an answer, it shall

15  comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

16        IT IS FURTHER ORDERED that if Respondents file and serve an answer, Petitioner

17  shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

18        DATED:    November 20, 2008.

19

20                                      _____

21                           ROGER L. HUNT
                             Chief United States District Judge

22

23

24

25

26

27

28

-4-